UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
JOHN CARLO MANIGAULTE,

                Plaintiff,              MEMORANDUM AND ORDER
                                     08-CV-1853(JS)(WDW)
       - against -

C.W. POST OF LONG ISLAND UNIVERSITY,

                Defendant.
-------------------------------------X
APPEARANCES:
For Plaintiff:        John Carlo Manigaulte, Pro Se
                    165 Ardito Avenue
                    Kings Park, NY 11754

For Defendant:       Catherine Murphy, Esq.
                    Office General Counsel
                    Long Island University
                    700 Northern Boulevard
                    Brookville, NY 11548

SEYBERT, District Judge:

      On November 25, 2008, Plaintiff John Carlo Manigaulte ("Plaintiff") filed a motion to amend his Complaint for the second time.  By Order dated March 16, 2009, the Court denied Plaintiff's motion to appoint counsel and referred Plaintiff's motion to amend the Complaint to Magistrate Judge William D. Wall.  Judge Wall submitted his Report and Recommendation ("R&R") on August 17, 2009.  For the reasons that follow, the Court ADOPTS the R&R in its entirety.  For the reasons that follow, Plaintiff's motion to amend is GRANTED in part and DENIED in part.

BACKGROUND

      Plaintiff was employed by Long Island University ("LIU") as an adjunct professor from September 1999 through September 2006.

(Docket Entry ("DE") 41.)  In 2006, Defendant LIU did not renew Plaintiff's appointment, and on November 13, 2006, he filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability.  (DE 6 at page 29, DE 41.)  On March 10, 2008, the EEOC dismissed the complaint.  On May 7, 2008, Plaintiff filed his pro se Complaint in this Court, seeking relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (1994) ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101(e), et seq. ("ADA").

Shortly thereafter, Plaintiff filed motions for appointment of counsel and to proceed in forma pauperis.  In an Order dated May 28, 2008, this Court granted Plaintiff's motion for leave to proceed in forma pauperis, denied without prejudice Plaintiff's motion to appoint counsel, dismissed with prejudice Plaintiff's Complaint against the individually named Defendants, and dismissed Plaintiff's Title VII claim against Defendant C.W. Post with leave to amend.  On June 30, 2008, Plaintiff filed an Amended Complaint and renewed his request for counsel in his "Amended Motion for Appointment of Counsel."  Subsequently, Plaintiff filed an Amended Complaint and his Amended Motion for Appointment of Counsel.  In an Order dated, September 30, 2008 ("September 2008 Order"), the Court found that Plaintiff sufficiently alleged an ADA claim against Defendant C.W. Post and

DENIED his motion to appoint counsel.

On November 25, 2008, Plaintiff filed his latest motion to amend. Plaintiff now seeks to further amend his Amended Complaint to include three additional claims: "[(1)] that LIU's required First Year Composition ("FYC") program openly discriminates against persons with learning disabilities in that two supervisors of the program have refused to even briefly consider the ways in which their "required program" might be modified by them or by others to assist learning-disabled persons, [(2)] that when Plaintiff brought to his supervisors' attention the discriminatory effects of the FYC programs' pedagogical requirements and classroom practices, they retaliated by terminating the Plaintiff's employment, and [(3)] that an employer cannot discharge an employee when such discharge is contrary to a clear mandate of public policy." (DE 28.) This Court referred the motion to Judge Wall, who later issued an R&R.

As part of the R&R, Judge Wall warned that any objections were to be filed with the Clerk of the Court within ten days of service of the R&R. Within the required time-period, Defendant submitted objections to the R&R. That same day, Plaintiff submitted his "Objections and Consents" to the R&R.[1]

---

[1] Three weeks after Judge Wall issued the R&R, Plaintiff submitted another letter to the Court, received September 11, 2009, which could be interpreted as further objections to the R&R. Even if the Court ignored the tardiness of Plaintiff's last submission and construed it liberally, the objections contained

I.   Standard for Evaluating Reports and Recommendations of
     Magistrate Judge

          "When evaluating the report and recommendation of a

magistrate judge, the district court may adopt those portions of

the report to which no objections have been made and which are not

facially erroneous."  Walker v. Vaughan, 216 F. Supp. 2d 290, 291

(S.D.N.Y. 2002) (citation omitted).  However, if a party serves and

files specific, written objections to a magistrate's report and

recommendation within ten days of receiving the recommended

disposition, see FED. R. CIV. P. 72(b), the district "court may

accept, reject, or modify, in whole or in part, the findings and

recommendations made by the magistrate judge."   28 U.S.C.

§636(b)(1)(C); see also Fed. R. Civ. P. 72(b).  When a party raises

an objection to a magistrate judge's report, "the court is required

to conduct a de novo review of the contested sections."  See

Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

However, "[w]hen a party makes only conclusory or general

objections, or simply reiterates his original arguments, the Court

reviews the Report and Recommendation only for clear error."

Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

_____

therein are conclusory and unhelpful.  Thus, the Court will only
consider the parties' objections filed within the proscribed ten-
day period.

II.  Rule 15(a): Leave to Amend

    A.  Factors to be Considered

As a general matter, courts must "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." Corcoran v. New York Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quotations omitted). Additionally, Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading . . . by leave of court," and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Notwithstanding these liberal standards, the decision to grant or deny a party's motion for leave to amend "is within the sound discretion of the district court . . . ." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citing John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994)). Under Rule 15(a), a court may deny leave to amend when the non-moving party can show "'undue delay, bad faith, futility of the amendment, and . . . prejudice.'" Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-604 (2d Cir. 2005) (quoting Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). In its opposition of Plaintiff's latest motion, Defendants raise only the factors of prejudice and futility.[2]

---

[2] Notwithstanding the basis for Defendant's opposition, this Court has examined the record thus far, and bad faith and undue delay are not seriously at issue. Additionally, the Court need

B.    Demonstrating Futility

To demonstrate that amendment of the Complaint would be futile, the non-moving party must demonstrate that the amended complaint will not sustain a motion to dismiss.  Estate of Ratcliffe v. Pradera Realty Co., No. 05-CV-10272, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007); Bender v. Gen. Servs. Admin., No. 05-CV-6459, 2006 WL 1643345, at *1 (S.D.N.Y. Jun. 9, 2006).  To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  This standard applies to all civil cases: antitrust and discrimination suits alike.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).  The complaint must "raise [the] right to relief above the speculative level," id. at 1965; thus, courts should preclude those claims that cannot be "nudged . . . across the line from conceivable to plausible . . . ."  Id. at 1974.  While the complaint "does not need detailed factual allegations," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65 (citations omitted).

The Second Circuit has construed Twombly to establish "a

_____

not consider prejudice to the Defendant where Plaintiff's amendment would be futile.  Therefore, prejudice to LIU is only discussed where Plaintiff's amendment would not be futile.

flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). However, in applying this standard, the Court must still "accept all of Plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999), cert. denied, 531 U.S. 1069, 121 S. Ct. 756, 148 L. Ed. 2d 659 (2001).

III. Review of Judge Wall's R&R

A. Portions of the R&R that are Uncontested and/or Subject to Conclusory or General Objections

As noted earlier, both Defendant and Plaintiff submitted some form of objection to the R&R. On one hand, Plaintiff's objections are general and conclusory at best. Plaintiff's forty-one page filing is comprised almost entirely of Plaintiff's own views on what the law should be. Similarly, Defendant's objections to Judge Wall's finding that Plaintiff need not exhaust his administrative remedies by including this claim in his prior EEOC claim was conclusory. For example, Defendant offers no new case law. These arguments are insufficient to warrant de novo reconsideration of Judge Wall's R&R. Accordingly, the Court reviews all portions of the R&R, except those dealing with Plaintiff's retaliation claim, for clear error.

7

After careful review of Judge Wall's findings and finding no clear error, the Court adopts all portions of the R&R dealing with Plaintiff's first and third proposed claims; specifically the Court DENIES Plaintiff's motion to amend to add claims that LIU's required FYC program openly discriminates against persons with learning disabilities, and that an employer cannot discharge an employee when such discharge is contrary to a clear mandate of public policy.

B. <u>Defendant's Objections to the Judge Wall's Recommendation with Regard to Plaintiff's Retaliation Claim</u>

On the other hand, Defendant "objects to the analysis and conclusions which were reached in the Report in pages 7 through 10. . . . that . . . permits the plaintiff to amend the complaint to add a retaliation claim." (DE 56 at 1-2.) Specifically, Defendant argues that the R&R incorrectly concluded that Plaintiff (1) did not have to exhaust his administrative remedies, (2) has standing to bring a retaliation claim under 42 U.S.C. § 12203, and (3) engaged in a protected activity, and therefore has sufficiently stated a claim under 42 U.S.C. § 12203.

As an initial matter, the Court distinguishes Plaintiff's first and second proposed claims. On one hand, Plaintiff's first proposed claim sought to assert the rights of his allegedly disabled students, and argues that they suffered an adverse action. Plaintiff lacks standing to bring this claim. On the other hand, Plaintiff's second proposed claim seeks to assert Plaintiff's own

rights: in other words, Plaintiff argues that because he opposed

Defendant's allegedly illegal treatment of his students, he

suffered some adverse action (termination).

> The ADA prohibits retaliation by an employer
> against its employees in relation to a
> disability discrimination claim by
> specifically providing that "[n]o person shall
> discriminate against any individual because
> such individual has opposed any act or
> practice made unlawful by this chapter or
> because such individual made a charge,
> testified, assisted, or participated in any
> manner in an investigation, proceeding, or
> hearing under this chapter." 42 U.S.C. §
> 12203(a). Dismissal of an ADA retaliation
> claim is not required upon dismissal of an ADA
> discrimination claim because a successful
> discrimination claim is not a predicate for a
> retaliation claim. See Weissman v. Dawn Joy
> Fashions, Inc., 214 F.3d 224, 234 (2d Cir.
> 2000); Sarno v. Douglas Elliman-Gibbons &
> Ives, Inc., 183 F.3d 155, 159 (2d Cir. 1999).

Ragusa v. Malverne Union Free Sch. Dist., 582 F. Supp. 2d 326, 347

(E.D.N.Y. 2008). Thus, even if Plaintiff's discrimination claims

are dismissed, it is possible for him to have retaliation claims

that survive. Accordingly, the Court finds that Plaintiff has

standing to bring his retaliation claim based on alleged

retaliation for his reporting of Defendant's alleged unlawful

actions.

In addition to satisfying standing requirements,

Plaintiff must demonstrate that he can establish a prima facie

case. As Judge Wall states in his R&R, to establish a Title V

retaliation claim, Plaintiff must show "that: (1) he engaged in an

activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002). Defendant offers the conclusory statement that Plaintiff was not engaged in protected activity. That very well may be; however, the Second Circuit has held that a non-disabled individual who files a complaint of disability discrimination is engaging in activity protected under the ADA "so long as [s]he can establish that [s]he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated that law." Raqusa v. Malverne Union Free Sch. Dist., 582 F. Supp. 2d 326, 347 (E.D.N.Y. 2008) (alterations in original) (citing Sarno, 183 F.3d at 159). It is not for the Court to determine whether Plaintiff actually reported to his supervisors with the good faith belief that he was opposing illegal activity. Plaintiff has sufficiently pled his element, and that is enough. Felton v. Katonah Lewisboro Sch. Dist., No. 08-CV-9340, 2009 WL 2223853, at *6 (S.D.N.Y. July 27, 2009) (holding that complaints to supervisors are considered protected activity under the ADA). Similarly, Plaintiff has sufficiently established the remaining elements of his claim.

Having determined that amendment of the Complaint would not be futile, the Court would normally consider any prejudice to

Defendant.   However, in its opposition papers, Defendant does nothing more than to blanketly assert that it would be prejudiced if the Court permits a second amendment of the Complaint. Conclusory assertions are insufficient to satisfy the Defendant's burden in opposing the motion to amend, and the Court finds that Defendant will not be significantly prejudiced if Plaintiff is permitted to file a Second Amended Complaint.

### CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Wall's R&R in its entirety.   Plaintiff's motion to amend is GRANTED in part and DENIED in part.   Plaintiff may proceed with his second proposed claim, namely that when Plaintiff brought to his supervisors' attention the discriminatory effects of the FYC programs' pedagogical requirements and classroom practices, Defendant retaliated by terminating the Plaintiff's employment.

The Clerk of the Court is directed mail a copy of this Order to Plaintiff.   Plaintiff is directed to file his Second Amended Complaint, bearing the above caption, as a single pleading incorporating his second proposed claim in the Amended Complaint, by October 16, 2009.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:      September  15  , 2009
            Central Islip, New York

11