```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN CARLO MANIGAULTE,                                          NOT FOR PUBLICATION
                         Plaintiff,
                                                                REPORT AND
                                                                RECOMMENDATION
             -against-                                          CV 08-1853 (JS) (WDW)

C.W. POST OF LONG ISLAND UNIVERSITY,
                         Defendant.
----------------------------------------------------------X
```

**WILLIAM D. WALL, United States Magistrate Judge:**

Plaintiff pro se John Carlo Manigaulte has failed to appear for his deposition as ordered repeatedly by the court. For the reasons stated herein, it is recommended that plaintiff's complaint be dismissed pursuant to Rules 37 and 41 for failure to prosecute and for failure to comply with this court's orders.

## BACKGROUND

This case has been the subject of numerous orders regarding the sufficiency of plaintiff's claims and the conduct of discovery. Although familiarity with those proceedings is presumed, I will briefly review some of the case's lengthy history. Plaintiff's claims arise from defendant's 2006 decision not to renew his employment as an adjunct professor at C.W. Post of Long Island University ("LIU"). Plaintiff filed a complaint with the EEOC alleging that he was discriminated against on the basis of a disability. The operative pleading in this case is plaintiff's Second Amended Complaint, which asserts claims of discrimination under Title I of the Americans with Disabilities Act ("ADA"), and for retaliation under Title V of the ADA.[1] Plaintiff's claims against individual defendants pursuant to Title VII were dismissed with

---

[1] Plaintiff was granted permission to amend to assert a claim that LIU retaliated against him for engaging in protected activity – making complaints regarding the experience of learning disabled students at the university.

prejudice. *See* Order of 5/28/08, Docket Entry ("DE") [5]; Order of 9/30/08, DE [16]. In addition, his proposed amendment seeking to add claims on behalf of learning disabled students at LIU was denied. *See* Mem. & Order of 9/15/09, DE [59], adopting Report & Recommendation of 8/17/09, DE [55].

Discovery commenced in late 2008 and, as the docket reflects, has been vigorously contested. There have been numerous disputes on varied issues. As the basis of this Report and Recommendation is plaintiff's failure to submit to an oral deposition, the following background discussion is limited to that issue.

Defendant properly noticed plaintiff for his deposition early in these proceedings. In a 47 page document docketed on May 19, 2010, plaintiff first raised his objection to being deposed by defendant. *See* DE [88-1]. His objection was based on a perceived violation of attorney-client privilege since "Plaintiff is representing himself. As such Defendant is asking to depose Plaintiff's 'attorney.'" *Id.* at 5. Plaintiff further suggested that if oral depositions were allowed, they should be limited to two hours at a time. *Id.* On May 21, 2010, plaintiff formally moved for a protective order that would, *inter alia,* bar oral depositions by either party, require only depositions by written questions, and appoint a referee in the "unlikely event the Court allows (or requires) what Plaintiff calls 'inequitable depositions.'" DE [91] at 2. He further argued that defendant's taking of his deposition was unconstitutional and barred by the equal protection clause.

On July 23, 2010, I issued the first of several orders regarding plaintiff's deposition. Order of 7/23/10, DE [97]. Specifically, plaintiff's motion for a protective order preventing his deposition was denied. I specifically found that defendant is entitled to take plaintiff's deposition, and warned plaintiff "that if he refuses to appear for a deposition or to meet other

2

discovery obligations, that failure may ultimately be grounds for dismissal of his case." *Id.* at 4. I also denied his request for an order directing that all depositions be conducted by written questions, ruling that "[w]hile plaintiff is free to utilize depositions by written questions within the parameters set forth in Rule 31 of the Federal Rules of Civil Procedure, I will not restrict the defendant's ability to take depositions by oral examination under Rule 30." *Id.* at 5. Finally, I denied plaintiff's request to appoint a "referee," but advised plaintiff that the deposition could be held in the courthouse. *Id.*

On October 12, 2010, plaintiff submitted another motion for a protective order regarding "the process and procedures by which I am to be deposed." DE [125]. Despite my prior order expressly deciding that defendant was entitled to an oral deposition, plaintiff asked that the court "restrict any deposition of me to a 'written deposition' of which I can read the questions a week in advance, then go to the courthouse and respond in writing to the questions." *Id.* at 3. Plaintiff's arguments rested on his alleged stress and anxiety at answering questions, particularly those regarding childhood abuse and post-traumatic stress syndrome ("PTSD"). By Order dated November 5, 2010, plaintiff's motion was denied, but various accommodations were granted. *See* DE [138]. I directed that the deposition take place at the courthouse, that it be held in up to three sessions totaling seven hours in duration, and that it be completed by December 3, 2010. *Id.* at 5. Plaintiff appealed that Order to Judge Seybert.

By Memorandum and Order dated December 10, 2010, Judge Seybert upheld the November 5, 2010 Order in its entirety. *See* Mem. & Order of 12/10/10, DE [151]. Regarding that portion of my order allowing defendant to depose plaintiff, Judge Seybert found that "Plaintiff is personally and actively litigating this matter and Defendant would be prejudiced if it were barred from deposing Plaintiff. As Judge Wall explained, 'there is simply no precedent for

3

denying defendant the right to take plaintiff's testimony,' (Discovery Order at 5), and Plaintiff has not offered any authority or persuasive argument to the contrary." *Id.* at 4.

After holding a conference with the parties on December 13, 2010, I ordered that plaintiff's deposition be completed by January 13, 2011, and that the accommodations previously ordered would remain in effect – the proceeding would take place over three sessions on three days for a total of seven hours. DE [152]. Plaintiff again moved to stay his deposition until some unspecified accommodation could be "negotiated." DE [162]. On December 29, 2010, plaintiff's motion for a stay was denied. *See* Order of 12/29/10, DE [163]. In that Order, I stated that:

> I have repeatedly ruled that plaintiff must appear for his deposition, and Judge Seybert has sustained those rulings. Despite his verbal representations to me regarding his intention to acquiesce to my orders directing his deposition, plaintiff has made it abundantly clear that he believes such a deposition violates his constitutional and statutory rights. I construe this request to be yet another in plaintiff's relentless campaign to avoid being deposed in this litigation, and as such, deny it. I further note that plaintiff has already been given accommodations as to the duration and timing of these depositions.

*Id.* Plaintiff was ordered to appear for his deposition on January 10, 11, and 12, 2011.

In early January 2011, plaintiff submitted letters regarding his "sudden and dramatic spike in pulse rate" and providing dates for planned medical testing. *See* DE [165], [168]. Plaintiff again sought a stay of his deposition, and stated that he "reserves the right to abstain from an oral deposition until he can determine from competent medical advice whether 'reasonable accommodations' are necessary so as to avoid causing additional trauma to Plaintiff's brain." DE [167]. I granted his motion in order to give him an opportunity to address the medical issues raised in his letters. The Order dated January 5, 2011 stayed the deposition

4

and directed plaintiff to, no later than March 4, 2011, provide the court with written documentation from medical providers regarding his ability to be deposed. Order of 1/5/11, DE [169]. I further found that "plaintiff's unceasing efforts to oppose the taking of his deposition while simultaneously serving multiple discovery demands on the defendant has created a situation that is fundamentally unfair to the defendant" and ruled that all discovery was stayed until plaintiff's deposition was completed. *Id.* at 2.

In apparent response to the court's ruling, plaintiff on March 2, 2011 submitted a letter styled as a motion to further "adjourn" discovery until plaintiff could be diagnosed and treated. DE [173]. After describing the opinions of various medical professionals, plaintiff asked for "four to six months to enable me to receive critical medical treatment for the degenerative bone disease indicated on my MRIs,. . . and PTSD, which requires extensive time for specialists to diagnosis [sic], treat, and manage." *Id.* at 3. Plaintiff did *not* comply with my order that he provide actual documentation from his medical providers. On May 25, 2011, plaintiff requested a stay of 3-4 months "or until such time as Plaintiff's doctors have had sufficient time to assure a safe and proper deposition." DE [177]. Plaintiff re-stated his request for a stay in a September 7, 2011 letter, this time asking the court for a stay "until the Supreme Court has ruled upon Plaintiff's Petition for a Writ of Certiorari." DE [182].[2] In the alternative, he requested a stay "until Plaintiff has determined, with assistance from qualified experts, how to proceed with the Court's last ruling regarding Plaintiff's possible deposition." *Id.* at 3.

---

[2] The only Second Circuit Court of Appeals decision susceptible of such a petition concerned the denial of plaintiff's motion for a preliminary injunction of teaching methods at LIU. Plaintiff now claims that the issue before the Supreme Court concerns appointment of counsel. The pendency of the petition is a red herring, as it in no way implicates the issue of the deposition or plaintiff's obligation to comply with this court's orders. He has been advised of this as well. *See* Order of 1/5/11, DE [169] (citing cases).

On September 20, 2011, I issued an order addressing plaintiff's requests for a further stay of his deposition. In that Order, which repeated much of the history given above, I noted that he had essentially received an additional six month extension, but that any further stay would prejudice defendant and was thus denied. I found that "[t]here comes a time when the steps taken to accommodate a litigant or to give a pro se litigant special consideration unfairly impact that litigant's opponent. That time has come in this case." Order of 9/20/11 at 4, DE [184]. I further found that "any further delay in the taking of plaintiff's deposition would prejudice the defendant." *Id.* Plaintiff was directed to appear at the courthouse for his deposition commencing on October 18, 2011 for three days up to seven hours total. The Order contained the following express warning:

> **If plaintiff does not appear, or if he appears and refuses to be deposed or to participate in a meaningful manner, I will immediately recommend to Judge Seybert that the case be dismissed with prejudice, pursuant to Rule 37 and/or Rule 41(b) of the Federal Rules of Civil Procedure and to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.,* 239 F.3d 206 (2d Cir. 2001).** The result of a dismissal with prejudice, should Judge Seybert accept the recommendation, would be the final disposition of the plaintiff's claims against the defendant in this lawsuit, subject only to an appeal to the Second Circuit. The plaintiff is strongly urged to consider this result in weighing his options, and to appear for his deposition as ordered.

*Id.* at 4-5 (emphasis in original). Plaintiff's appeal of that order was denied by Judge Seybert on September 27, 2011. *See* DE [188]. On October 2, 2011, plaintiff filed a notice of interlocutory appeal of Judge Seybert's order to the Second Circuit. By Order dated October 17, 2011, I advised the parties that as plaintiff had appealed a non-appealable discovery order, this court was not divested of jurisdiction and that the deposition would go forward. *See* Order of 10/17/11, DE

6

[195]. Plaintiff was again directed to appear for his deposition on October 20, 2011,[3] and was warned, in boldface, of the consequences of his failure to appear. *Id.*

By letter dated October 19, 2011, plaintiff advised the court that he could not attend his deposition, scheduled for the next day, "for health reasons." DE [200][4]. He stated that he "cannot in good conscience and with due respect to my religious and spiritual beliefs attend the scheduled deposition." *Id.* He discussed an episode of "spacing out" after a "dissociative episode" in 2001, and stated that he has learned that the most effective remedy for "spacing out" is to decrease stress and "not allowing myself to be put in stressful situations." He concluded that "I must do that in this particular case." *Id.* Although the letter was titled a "Motion for Continuance . . . due to Health Reasons," plaintiff does not in the text of this letter request more time or even suggest that there would come a time where he could be deposed. The letter instead contains more arguments why he can never be subjected to oral questioning.

Defendant's counsel timely appeared on October 20, 2011 and was prepared to commence plaintiff's deposition. The court and counsel waited a period of time for plaintiff to appear, but he did not.

On October 21, 2011, plaintiff submitted a letter in further support of his "Motion for a

---

[3]The commencement date of the deposition was changed at the request of defendant. *See* DE [190]. A copy of the Electronic Order changing the date was served upon plaintiff. *See* Aff. of Service, DE [191].

[4]This letter was not docketed until the date of this R&R. A stamp on the letter suggested that it had been docketed by the Clerk's Office when filed on October 19, 2011, but a review of the docket in connection with the citations in this R&R revealed that it had not been. It was, however, considered by the court in all subsequent proceedings.

Continuance."[5] Plaintiff stated his belief that medical affidavits he had provided were "invalid" and apologized for failing to provide the court with the proper documentation. *See* DE [196]. As to the possibility of ever being deposed, plaintiff offered the following: "I have never thought that my deposition was 'impossible,' as some seem to suggest. A deposition may be 'possible' (and not probable) if the adversary chooses to settle before the deposition can be effected." *Id.*

On December 21, 2011, the plaintiff filed a Motion to Deem Discovery Closed and Proceed to Trial. DE[198]. The motion is being denied today for the reasons set forth in this Report. Although the letter contains numerous misstatements regarding the history of this case, it is only necessary to address one. Plaintiff claims that there has been a miscarriage of justice since "[b]ecause of poverty, I cannot afford to conduct *any* depositions whatsoever. I petitioned the Court for the right to present 'person-directed interrogatories' to my adversary so to possibly 'make up' for my inability to conduct depositions, but this right 'to depose through affordable means' has, apparently, been denied." Ltr. of 12/21/11, ¶1 (emphasis in original). Plaintiff blatantly mischaracterizes the proceedings to date. He has not been denied the opportunity to conduct discovery of the defendant by written means. This court has on several occasions ruled that he could provide written discovery demands to defendant. The only deposition that plaintiff has been ordered to participate in is defendant's deposition of him and he refuses to appear.

## DISCUSSION

---

[5]The letter was filed under seal to protect plaintiff's privacy as he attached a "Psychiatric Assessment" and other materials. The discussion of that letter in this Report is limited to the general assertions made by plaintiff that do not, by themselves, warrant sealing.

Based on this history, I recommend that the plaintiff's complaint be dismissed pursuant to Rules 37 and 41. Rule 37 provides a range of sanctions for failure to comply with a court order, including, *inter alia,* dismissal. Fed. R. Civ. P. 37 (b)(2)(A)(v). The Rule specifically provides that a party's failure to attend its own deposition can be sanctioned as set forth in Rule 37 (b)(2)(A)(i-vi), including dismissal. Rule 37(d)(3). Here, the court repeatedly ordered the plaintiff to appear for his deposition or face dismissal and he failed to comply with those orders and appear. It is well settled that "discovery orders are meant to be followed" and failure to do so may result in a dispositive sanction. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995). Rule 37 sanctions have three objectives: to "ensure that a party will not benefit from its own failure to comply," to serve as a specific deterrent to obtain compliance with a specific order, and to "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 71 (2d Cir. 1988). The decision of whether to impose sanctions is left to the sound discretion of the court. *See National Hockey League v. Metro-politan Hockey Club,* 427 U.S. 639, 642 (1976)(per curiam). Here, the undersigned finds that the plaintiff's failures warrant a recommendation of dismissal under Rule 37.

The same is true as to Rule 41, which provides for dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *Alvarez v. Simmons Mkt Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir. 1988) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). The court's authority to order such drastic relief, however, "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded

9

Case 2:08-cv-01853-JS-WDW Document 201 Filed 02/01/12 Page 10 of 10 PageID #: 2679

courts." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982). Here, the court tried over and over again to fashion discovery techniques that would meet the plaintiff's needs, but he adamantly refused to appear for a deposition despite the consistent rulings by myself and Judge Seybert that plaintiff he must do so. He has raised multiple, shifting rationales for his non-appearance but the court has done all that it can to try to accommodate him. As I noted in my earlier order, "[t]here comes a time when the steps taken to accommodate a litigant or to give a pro se litigant special consideration unfairly impact that litigant's opponent. That time has come in this case." Order of 9/20/11 at 4, DE [184]. The Complaint should be dismissed.

## OBJECTIONS

A copy of this Report and Recommendation is being sent by certified mail to plaintiff and by electronic filing to counsel for the defendant on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       February 1, 2012

                                                   /s/ William D. Wall
                                                   WILLIAM D. WALL
                                                   United States Magistrate Judge