FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 14 2012 ★
LONG ISLAND OFFICE

March 14, 2012

District Judge Seybert and Magistrate Judge William D. Wall
United States District Court - Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NYT 11722-9014

RE: Motion With Attached Medical Support to Proceed to Trial With Reasonable
   Accommodations in **Manigaulte v. Long Island University** CV-08-1853

Honorable Judges Seybert and Wall:

This brief motion is intended to assist this Honorable Court in adjudicating this very complex and challenging case, which presently stands at the crossroads of the Americans With Disabilities Act and the Federal Constitution, particularly the 7th Amendment.

Magistrate Wall recommended "dismissing" my case as per his "Report and Recommendation" dated February 1, 2012 [*see* D.E. 201]. It appears that Magistrate Wall is basing his "recommendation" on my inability (which he perceives to be an "adamant refusal") to attend an oral deposition without benefit of a "disability advocate" or "legal counsel," which both of my current therapists recommend. <u>Let the record show that I am seeing a licensed clinical psychologist and a board-certified psychiatrist (a medical doctor)</u>.

Part of the challenges facing this Court may, indeed, stem from the brain-oriented disabilities I face as I try to navigate the perplexing terrain of modern civil procedure without the assistance of competent counsel.

I would like to summarize for this Honorable Court what I feel are the most salient particulars of the significant challenges I face as regards an <u>oral deposition</u>:

1. I am <u>not</u> an attorney and I do not have an attorney assisting me.
2. I consulted a forensic psychologist some time ago and he informed me that it was *his* professional opinion that an *attorney* is the proper specialist to advocate for litigants in court who legitimately invoke the Americans With Disabilities Act.
3. Prior to my case, I had never read the Federal Rules of Civil Procedure and knew nothing of them. These "rules" are quite complex and I have had enormous difficulties navigating them effectively, as the record will show vis-à-vis our contentious "discovery."

RECEIVED
MAR 1 4 2012
EDNY PRO SE OFFICE

4. I have two (medically-documented) anxiety disorders—PTSD and ADHD. Modern medical imaging techniques indicate that these disorders actually affect the way the brain works. *Put differently, I am doing the best I can, given my significant disabilities.*
5. I have submitted to the Court a letter from a clinical psychologist, who recommends appointment of counsel as well as *more reasonable* "reasonable accommodations" than those that have been offered by this Court, which appears to have withdrawn the three-day accommodation it provided and replaced it with a single day: October 20th 2011.
6. I have submitted research from internationally respected medical doctors (psychiatrists) explaining their recent findings: that severe stress can have serious deleterious effects on the human brain, particularly "memory." Additional damage can result from stress.
7. The Court has been duly informed that I suffered a truly significant anxiety attack the very last time I was in Court for a scheduled conference. Witnesses present in court took my pulse rate and can testify to my troubling physiological response to court-related stress. Other witnesses have signed affidavits testifying to the challenges I have been facing as regards the degenerative disease affecting my spinal cord (neck and back).
8. I have on multiple occasions requested appointment of counsel. At this time, however, a medical doctor (my current psychiatrist) has provided a letter to submit to the Court and to my adversary (please see "Attachment A") as regards proceeding forward with my complaint with benefit of appointed counsel.

Because of the severe medical challenges that I face (i.e., degenerative bone disease affecting my spinal cord, PTSD horribly exacerbated by the defendant's unlawful treatment of me, and my lifelong battles with ADHD) as well as my desire to care for an ailing elderly parent (my mother) who had to be hospitalized three times last year for incredibly high blood pressure (a life-threatening disorder), I was in the very unenviable position of not being able to prosecute my case as well as I would have liked to.

Unfortunately, I was not able to respond to this Court's order to attend an oral deposition scheduled for me for one day, possibly seven hours long: October 20th 2011.

Having the utmost respect for the Court and also not wishing to disrespect or inconvenience my adversary, I promptly notified the Court (by FAX as well as by hard-copy submission) and my adversary also by FAX that for health reasons I could not attend said deposition (*please see* "Attachment B"). At that time, the level of stress I was feeling and the physical pain (headaches and neck pain) did not permit me to respond appropriately to an oral deposition.

It pains me greatly not to be able to proceed rapidly forward with my case, not being able to assist this Court in resolving this litigation in a more timely fashion.

It pains me greatly <u>not</u> to be able to physically and mentally comply with Magistrate Wall's noble attempt to be fair to both sides of this litigation.

Perhaps I have not explained sufficiently well the brain-oriented challenges that I face as regards an oral deposition? I shall try to better explain what I have learned from years of therapy with specialists in PTSD and ADHD and from my own personal experiences battling these disorders.

1. My brain does not consistently allow me to "focus on demand," meaning that I cannot just force myself to concentrate and "remember" like nondisabled people.

2. I am sometimes overwhelmed by emotions stimulated by the limbic area of my brain, meaning that "external triggers" (i.e., external stressful events) can make it enormously difficult for me to access memories. An anxious person does not remember much.

3. To battle excessive anxiety, I have learned to "shut down my mind" through meditation and biofeedback with hypnosis (with a licensed psychologist). Unfortunately, shutting down the repetitive thoughts and images is not like simply turning off a light switch. In other words, when I need to become more mentally active again, I can't just "flip the switch" and start remembering stuff like nondisabled people can.

4. In addition, I studied Zen Buddhist meditation for more than two years to develop the ability to "shut down" the thinking/remembering mind. Because of this (and other treatment) I was (and remain able) to function well enough to care for myself and my mother. To reengage my thinking/remembering mind, I must work hard to carefully "prime it" (when I am unstressed, which is when this might work) with things I've written before, items I've used before, notes I've written to myself, etc.

So, when this Court stated in its <u>September 20, 2011 Order</u> (*see*, D.E. 184) that "**if plaintiff...refuses to be deposed or to participate in a meaningful manner, I will immediately recommend...the case be dismissed with prejudice....**" it inadvertently added additional stress to my life. Having suffered all my life with ADHD and most of my life with PTSD, I know that my brain just does not simply "perform on demand," *especially* when I'm in pain or stressed out. How could I possibly "participate in a meaningful way" in the required oral deposition? <u>An oral deposition is—generally "stressful"—because ours is an "adversarial system.</u>" What truly "ethical" adversary is going to "take it easy" on a deponent?

Respectfully submitted by,  *[signature]*

John Carlo Manigaulte, Pro se Non-attorney
cc: Matthew A. Seibel, Associate Counsel of LIU

Attachment A

# MIGUEL E. CALIMANO, M.D

**Diplomate of the American Board of Psychiatry and Neurology**
**2 Brooksite Drive – Suite 220**
**Smithtown, NY   11733**
631-265-0909 Phone
631-265-0757 Fax

March 8, 2012

To Whom It May Concern:

Mr. John Manigaulte has been under my care since May 2011 for the treatment of severe PTSD and ADD. Currently patient's anxiety symptoms have improved as a result of treatment. At this time, Mr. Manigaulte is able to participate in the current court proceedings with the help of an appointed counselor.

Further clinical information is available upon request and patient's prior approval.

Sincerely,

Miguel E. Calimano, MD

MEC/rc

Attachment B

Message Confirmation Report

OCT-19-2011 01:57 PM WED

WorkCentre M20i Series
Machine ID : B
Serial Number : RYU428873.......
Fax Number : 011 631 864 2166

Name/Number : 7125725
Page : 7
Start Time : OCT-19-2011 01:56PM WED
Elapsed Time : 01'02"
Mode : STD ECM
Results : O.K

---

October 19, 2011 **FAXED TO NOTIFY COURT – (631) 712-5725**

Magistrate Judge William D. Wall
United States District Court - Eastern District of New York
100 Federal Plaza - P.O. Box 9014
Central Islip, NYT 11722-9014

RE: Motion for Continuance in the case of Manigaulte v. Long Island University CV-08-1853.
And, Notice of Inability to Appear for Deposition October 20th, 2011 due to Health Reasons.

Honorable Magistrate Wall:

This FAXED letter motion responds—with great respect and deep despair– to His Honor's Order for me—Plaintiff in the above titled action– to appear immediately for an oral deposition to occur in His Honor's jury room on October 20, 2011.

First, I must thank His Honor for scheduling my deposition in His Honor's jury room so that I might feel safer in the presence of court officials. However, it pains me to admit that I *still* suffer with migraines and extreme anxiety and I am unable to realistically face my adversaries in open court with a clear-thinking mind. That my pulse rate doubled at our last conference truly shocked me and I use it as a subconscious "dipstick" to measure my stress levels, which need constant monitoring for reasons explained below.

I have come to accept my disabilities (PTSD, ADHD, and accompanying anxiety) and grant them the respect they, too, deserve.

Second, I believe that I failed to provide the Court with the most relevant information in a timely fashion. I suspect this failure is due to my disabilities. At any rate, it is for health reasons that I truly cannot attend my scheduled oral deposition on October 20, 2011.

If I had had better time management and organization skills and much more knowledge of the law and how the courts operate, I believe I would have assembled the relevant medical evidence as well as more relevant psychological information for this Court to evaluate.

At any rate, I cannot in good conscience and with due respect to my religious and spiritual beliefs attend the scheduled deposition, mainly because I am susceptible to "zoning out" when extraordinarily stressed out. Because of my mother's troubling health concerns and because of migraine headaches caused by "advanced degenerative disc disease," and because of the stress and strains of prosecuting my case, I am more stressed out than normal.

```
Message Confirmation Report                         OCT-19-2011 02:06 PM WED

                                    WorkCentre M20i Series
                                    Machine ID       : B
                                    Serial Number    : RYU428873.......
                                    Fax Number       : 011 631 864 2166


Name/Number     :   15162992072
Page            :   7
Start Time      :   OCT-19-2011 02:04PM WED
Elapsed Time    :   01'10"
Mode            :   STD ECM
Results         :        O.K
```

---

October 19, 2011

**FAXED TO NOTIFY COURT – (631) 712-5725**

Magistrate Judge William D. Wall
United States District Court - Eastern District of New York
100 Federal Plaza - P.O. Box 9014
Central Islip, NY 11722-9014

RE: Motion for Continuance in the case of Manigaulte v. Long Island University CV-08-1853.
And, Notice of Inability to Appear for Deposition October 20th, 2011 due to Health Reasons.

Honorable Magistrate Wall:

This FAXED letter motion responds—with great respect and deep despair– to His Honor's Order for me—Plaintiff in the above titled action—to appear immediately for an oral deposition to occur in His Honor's jury room on October 20, 2011.

First, I must thank His Honor for scheduling my deposition in His Honor's jury room so that I might feel safer in the presence of court officials. However, it pains me to admit that I *still* suffer with migraines and extreme anxiety and I am unable to realistically face my adversaries in open court with a clear-thinking mind. That my pulse rate doubled at our last conference truly shocked me and I use it as a subconscious "dipstick" to measure my stress levels, which need constant monitoring for reasons explained below.

I have come to accept my disabilities (PTSD, ADHD, and accompanying anxiety) and grant them the respect they, too, deserve.

Second, I believe that I failed to provide the Court with the most relevant information in a timely fashion. I suspect this failure is due to my disabilities. At any rate, it is for health reasons that I truly cannot attend my scheduled oral deposition on October 20, 2011.

If I had had better time management and organization skills and much more knowledge of the law and how the courts operate, I believe I would have assembled the relevant medical evidence as well as more relevant psychological information for this Court to evaluate.

At any rate, I cannot in good conscience and with due respect to my religious and spiritual beliefs attend the scheduled deposition, mainly because I am susceptible to "zoning out" when extraordinarily stressed out. Because of my mother's troubling health concerns and because of migraine headaches caused by "advanced degenerative disc disease," and because of the stress and strains of prosecuting my case, I am more stressed out than normal.

1

October 19, 2011    **FAXED TO NOTIFY COURT – (631) 712-5725**

RECEIVED
U.S DISTRICT COURT E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND OFFICE

★    OCT 19 2011    ★

ENTERED
★_____★

Magistrate Judge William D. Wall
United States District Court - Eastern District of New York
100 Federal Plaza - P.O. Box 9014
Central Islip, NYT 11722-9014

RE: Motion for Continuance in the case of Manigaulte v. Long Island University CV-08-1853.
And, Notice of Inability to Appear for Deposition October 20th, 2011 due to Health Reasons.

Honorable Magistrate Wall:

This FAXED letter motion responds—with great respect and deep despair—to His Honor's Order for me—Plaintiff in the above titled action—to appear immediately for an oral deposition to occur in His Honor's jury room on October 20, 2011.

First, I must thank His Honor for scheduling my deposition in His Honor's jury room so that I might feel safer in the presence of court officials. However, it pains me to admit that I *still* suffer with migraines and extreme anxiety and I am unable to realistically face my adversaries in open court with a clear-thinking mind. That my pulse rate doubled at our last conference truly shocked me and I use it as a subconscious "dipstick" to measure my stress levels, which need constant monitoring for reasons explained below.

I have come to accept my disabilities (PTSD, ADHD, and accompanying anxiety) and grant them the respect they, too, deserve.

Second, I believe that I failed to provide the Court with the most relevant information in a timely fashion. I suspect this failure is due to my disabilities. At any rate, it is for health reasons that I truly cannot attend my scheduled oral deposition on October 20, 2011.

If I had had better time management and organization skills and much more knowledge of the law and how the courts operate, I believe I would have assembled the relevant medical evidence as well as more relevant psychological information for this Court to evaluate.

At any rate, I cannot in good conscience and with due respect to my religious and spiritual beliefs attend the scheduled deposition, mainly because I am susceptible to "zoning out" when extraordinarily stressed out. Because of my mother's troubling health concerns and because of migraine headaches caused by "advanced degenerative disc disease," and because of the stress and strains of prosecuting my case, I am more stressed out than normal.

1